## DAMAGES TO PROPERTY FROM A SEWER.

Circuit Court of Hamilton County.

CITY OF CINCINNATI v. PHILIP ROETTINGER.

Decided, January 9, 1909.

*Municipal Corporations—Sewers—Damages to Property from—Owner-ship of Sewer—Notice of Defect—Errors at Trial Immaterial, When.*

Where a cause of action is stated against a municipality, and the un-contradicted evidence shows liability for whatever damages re-sulted, and also that the plaintiff suffered greater damages than were allowed him by the jury, errors of law in the charge to the jury or in the admission or rejection of evidence become immaterial.

*Geoffrey Goldsmith,* for the city.
*Ellis G. Kinkead* and *H. Kenneth Rogers,* contra.

SWING, P. J.; GIFFEN, J., and SMITH, J., concur.

Defendant in error brought an action against the plaintiff in error for damages to his real estate caused by sewage matter es-caping from a sewer in Gilbert avenue and flowing under the foundations of his houses abutting on that street. The petition states a good cause of action. The answer of the city was in effect a general denial.

The plaintiff introduced his evidence, which substantially sus-tained the allegations of his petition. The damage to the prop-erty was shown to be at least $1,500; one witness placed it at $2,000. It was further proved that repairs were made to the buildings caused by sewage matter to the extent of $951. The city offered no evidence. The jury returned a verdict for the plaintiff in the sum of $1,179, including interest to May 4, 1908. The petition was filed April 20, 1904, claiming interest from January 1, 1903, so that the verdict carried with it at the least over four year's interest, and the amount of damage allowed by the jury was not over $900.

The jury made special findings of fact as follows:

"Did the city have reasonable notice of the defect, if any, in the sewer pipe before the injuries or any of them complained of. Answer. Yes."

"Did the city have reasonable notice of the defect, if any, in the culvert before the injuries complained of, or any of them. Answer. Yes."

"Did the city after notice, if any was given, remedy the defect, if any, in the sewer in a reasonable time.    Answer. No."

"Did the city after notice, if any was given, remedy the defect, if any, in the culvert in a reasonable time.    Answer. No."

"Was the break, if any, in the sewer pipe, the proximate cause of the damage.    Answer. Yes."

"Was the break, if any, in the culvert, the proximate cause of the damage.    Answer. Yes."

It is urged in argument that the evidence does not show that the city was the owner of the sewer in question, but this contention comes too late.    The city in its answer did not set up any defense of that kind.    The evidence shows that the sewer was in the public street of the city, and when complaint was made to the city that sewage was leaking from the sewer into plaintiff's property, the city did not disclaim ownership of the sewer, but finally after repeated notices of the defect, repaired the sewer.    There really can be no question but that the sewer was the property of the city.

Quite a number of errors alleged to have been committed by the court in the trial of the case were presented to the court on behalf of the city with great learning and ability, but with the view we take of the record these do not seem prejudicial, if erroneous, and need not therefore be considered in detail.

The plaintiff having stated a cause of action and the uncontradicted evidence showing that the city was liable for whatever damages resulted, and the uncontradicted evidence showing that he sustained more damage than the jury allowed, any errors of law if committed by the court in its charge or in the admission or rejection of evidence must be immaterial and of no prejudice to the city.

Judgment affirmed.